IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TA'LAWRENCE T. VICKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-123 |
| | ) | |
| C.O. JOHNSON; LT. CHEATUM; | ) | |
| DR. RODGERS, Medical Director; | ) | |
| MS. JONES, Classification; | ) | |
| SGT. BARBARA; and LT. HARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.   BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

II.     **DISCUSSION**

   A.     **Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)**

Plaintiff concedes he has previously had a case dismissed based on "three strikes rule." (Doc. no. 1, p. 14.) The case cited by Plaintiff, Vickers v. Jacobs, CV 4:14-CV-00122, doc. no. 5 (N.D. Ga. May 27, 2014), collects two complaints and an appeal dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted: (1) Vickers v. Corizon Med., No. 1:12-CV-630-CAP (N.D. Ga. Feb. 27, 2012); (2) Vickers v. Banks, No. 1:13-CV-1689-CAP (N.D. Ga. May 17, 2013); and (3) Vickers v. Banks, No. 13-14414-E (11th Cir. Feb. 19, 2014). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious

2

physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his complaint on September 8, 2022.  (Doc. no. 1, p. 17.) As discussed below, the allegations do not establish imminent danger.

Plaintiff alleges he was attacked by another inmate on June 3, 2022, was not provided immediate medical care, and was not removed "expediently" from the area where he was attacked.  (Id. at 8.)  After Plaintiff received stitches in his arm at the hospital and returned to the medical dormitory in the Jail, he "was suddenly moved" to a sparse suicide holding cell without justification and "gratuitously" held on suicide watch for over a week.  (Id. at 9.)  He did not receive any additional care for his wound during this week.  (Id. at 10.)  Plaintiff reports there have been "multiple stabbings" at the Jail between the time of his attack in June and submission of his complaint in September.  (Id.)

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger'" when he filed his complaint.  Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (per curiam) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  "In the jail setting, a risk of harm to some degree always exists by the nature of its being a jail."  Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).

3

However, general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Sutton v. Dist. Att'y's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception).

Plaintiff's implied, conclusory allegations of potential, future harm because of non-specific "stabbings" are insufficient to establish imminent danger of serious physical injury. Not only does Plaintiff fail to identify any inmate with whom he is housed who may wish him harm, but he reports no assaults or threatened harm to him in the months between the original incident and the filing of the complaint. Similarly, Plaintiff fails to allege any ongoing problems with the wound on his harm that was treated with stiches in June, and he does not allege he is currently housed in the suicide watch cell he claims caused him to live in unconstitutionally sparse conditions. Without specific allegations that an injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

4

### III.     CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 29th day of September, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA